UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Cr. No. 22-074 JMC |
| | : |
| RACHEL MYERS and | : |
| MICHAEL GIANOS | : |
| | : |
| Defendants. | : |

**UNITED STATES' UNOPPOSED MOTION TO CONTINUE STATUS CONFERENCE AND TO TOLL AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America hereby moves this Court to continue the October 11, 2022 status conference for 30 days and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv) from the date of this filing through and including the date of the next hearing. In support of its motion, the Government states as follows:

**FACTUAL BACKGROUND**

Defendants were originally charged via criminal complaint on November 22, 2021 with violations of 18 U.S.C. § 1752(a)(1) and (2) and 40 U.S.C. § 5104(e)(2)(D) and (G) at the United States Capitol on January 6, 2021. ECF No. 1. Defendants made their initial appearance and had a detention hearing in front of Magistrate Judge Zia M. Faruqui on December 9, 2021. December 9, 2021, Minute Entry. On March 8, 2022, Defendants were charged by Information with violating 18 U.S.C. § 1752(a)(1) and (2) and 40 U.S.C. § 5104(e)(2)(D) and (G). The parties were arraigned on March 31, 2022, and the Speedy Trial Act was tolled until June 8, 2022, when the parties appeared for another status conference. At the status conference, the parties addressed the potential

for a plea offers from the government and this Court again tolled the Speedy Trial Act and set another status conference for August 9, 2022. June 8, 2022, Minute Entry. The parties thereafter sought to continue the August 9, 2022, status conference and this Court again continued the matter and tolled the Speedy Trial Act until October 11, 2022.  August 8, 2022, Minute Entry. The Government now seeks a continuance of the status conference set for October 11, 2022, and a tolling of time under the Speedy Trial Act for a 30-day period.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence.  As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted.  *Id.*  Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
. . .

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). First, discovery remains significant and the continued need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act and is applicable here. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). Further, the government has provided both defendants plea offers and would like the opportunity for the defendants to have adequate time to contemplate the offers. Notably, Defendant Myers has already indicated that, with some minor changes, she will likely accept the Government's proposed plea. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial.

Government counsel notified the defense of the filing of this motion, and all consent to the motion.

WHEREFORE, the Government respectfully requests that this Court grant the motion and enter an Order continuing the October 11, 2022, status conference for 30 days and excluding the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: */s/ Nadia E. Moore*
   Nadia E. Moore
   NY Bar No. 4826566
   Assistant United States Attorney, Detailee
   271 Cadman Plaza East
   Brooklyn, NY 11201
   (718) 254-6362
   Nadia.Moore@usdoj.gov

By: */s/ Jennifer M. Rozzoni*
   Jennifer M. Rozzoni
   NM Bar No. 14703
   Assistant United States Attorney, Detailee
   201 3rd Street, Suite 900
   Albuquerque, NM 87102
   (505) 350-6818
   Jennifer.M.Rozzoni@usdoj.gov