**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 22-CR-074 (JMC)** |
| | : | |
| **MICHAEL GIANOS,** | : | |
| | : | |
| *Defendant.* | : | |

## GOVERNMENT'S PROPOSED PRETRIAL STATEMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Pretrial Statement, pursuant to the Court's December 15, 2022, Pretrial Order (ECF 49). A copy of this proposed pretrial statement was sent to counsel for the defendant on February 8, 2023, but the United States has not received a response.

**A. Statements Regarding Plea Offer**

**1. Statement by the Government**

On October 7, 2022, the government offered to allow Gianos to plead guilty to Count Four of the Information charging him with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(G). That charge carries a maximum sentence of six (6) months of imprisonment, pursuant to 40 U.S.C. § 5109(b); a term of probation of not more than five (5) years, pursuant to 18 U.S.C. § 3561(c); a fine of not more than $5,000, pursuant to 18 U.S.C. § 3571(b)(6); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made. The agreement included terms typical to plea agreements used with other January 6 defendants, including waivers of trial and appeal rights. If Gianos had agreed to the offer, the government would have agreed to dismiss the remaining counts in the Information against Gianos.

The government first made the offer on October 7, 2022, and informed counsel for Gianos that the offer would expire on November 11, 2022. Gianos did not respond to the offer before that expiration date. On November 15, 2022, counsel for Gianos requested additional time to consider the plea and discuss the matter with his client. The government agreed to extend the offer until December 2, 2022. The government and counsel for Gianos exchanged several emails regarding the terms of the agreement before its expiration on December 2, 2022, but Gianos did not accept the plea offer before that date and there have been no further communications between the parties regarding a plea since then.

**B.  <u>Joint Statement of the Case</u>**

*The Government proposes that the following is an appropriate statement of the case:*

This is a criminal case.  The government has charged the defendant, Michael Gianos, with violating four separate federal criminal laws based on his presence and conduct on the grounds of and inside the United States Capitol building in Washington, D.C., on January 6, 2021. Mr. Gianos is charged with: (1) unlawfully and knowingly entering or remaining in a restricted area within the Capitol; (2) engaging in disorderly or disruptive conduct in a restricted area within the Capitol; (3) willfully and knowingly engaging in disorderly conduct in the Capitol; and (4) willfully and knowingly parading, demonstrating, and picketing in the Capitol. Mr. Gianos denies each and every charge.

**C.  <u>Proposed Voir Dire Questions</u>**

The government's proposed voir dire questions are attached as Attachment A.

**D.  <u>Proposed Jury Instructions</u>**

The government's proposed jury instructions are attached as Attachment B.

**E.  <u>List of Expert Witnesses</u>**

The government does not expect to call any expert witnesses.

**F.**  **Notice of Government's Intent to Introduce the Defendant's Prior Crimes, Acts, or Wrongs**

Pursuant to Federal Rule of Evidence 404(b), the government hereby gives notice of its intent to introduce the following crimes, acts, or wrongs of the defendant at trial.

"Rule 404(b) is a rule of inclusion rather than exclusion." *United States v. Douglas*, 482 F.3d 591, 596 (D.C. Cir. 2007) (quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)). Thus, evidence of other acts by a defendant are admissible under the rule unless they "lack[] any purpose but proving character." *Bowie*, 232 F.3d at 930. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance'—for the purpose of proving that a person's actions conformed to his character." *Id.* at 929-30 (quoting *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

The government may introduce evidence that, following an arrest related to drug distribution in October 2020, Gianos was charged with Tampering with Evidence and Obstruction in violation of New Jersey law because he changed account passwords and deleted account information associated with the electronic devices police had seized from him.

 In October 2020, Gianos was arrested on suspicion of possession of a controlled substance and other related crimes. Pursuant to the arrest, officers from the Evesham Township (New Jersey) Police Department seized and held Gianos's cell phone and iPad. Gianos made multiple attempts to contact the officers and repeatedly asked for his devices to be returned to him. During one such call, an officer informed Gianos that, because his phone contained evidence related to the

allegations against him, the police were unable to return the phone to Gianos. Gianos then told the officer that he had changed all of his account passwords and had remotely deleted his account information, and asked why the police department continued to keep his phone. The officer told Gianos that, since his electronic devices had been in police custody, they had been placed in "airplane mode" which secured all information on the device. Gianos's response was "okay." A Municipal Court judge later found probable cause to charge Gianos with violations of New Jersey laws prohibiting tampering with evidence and obstruction.

In this case, law enforcement officers seized Gianos's cellphone following his arrest on charges related to his conduct on January 6. The prior charges against Gianos are relevant to show his knowledge that electronic evidence stored on his cellphone, including photographs, text messages, and videos related to his travel to and through the U.S. Capitol building on January 6, 2021, was inculpatory. Those prior charges also corroborate motive and intent to keep law enforcement from obtaining inculpatory electronic evidence if at all possible, and knowledge of the consequences of failing to do so. The prior charges are also relevant to show his knowledge of the evidence-extraction processes law enforcement officers may have used to retrieve evidence from his electronic device, and that any obstructive attempts by him to delete information, change account settings, or otherwise restrict officers' access to the January 6-related evidence contained on his phone may have were not accidental or a mistake but constituted additional criminal activity that is potentially punishable by law.

### G. List of Exhibits

At this time, the government has identified the exhibits it intends to introduce at trial in the exhibit list attached to this pleading as Attachment C. This exhibit list was compiled in a good-faith effort to identify all trial evidence that is known or identified at this time. The government reserves the right to supplement this list or to remove items from the list as it develops additional

4

evidence throughout trial preparations and to streamline the presentation of its case. The government also reserves the right to introduce any evidence produced to the defense in discovery.

The government received a proposed exhibit list from the defendant on February 4, 2023. The list contains over 400 proposed exhibits.  The government's list of objections to defendant's proposed exhibit list is attached as Attachment D.

### H.  **Stipulations**

The government sent a series of proposed stipulations to counsel for the defendant on February 3, 2023, but has not yet received a response.  To date, therefore, the parties do not have any agreed-upon stipulations to report.

### I.  **Proposed Verdict Form**

The government's proposed verdict form is attached to this document as Attachment E.

//

//

//

//

//

//

//

//

//

//

//

//

//

**J.   Proposed Schedule for Exchanging Witness Lists and Jencks Act Material**

The government proposes exchanging witness lists and Jencks Act material, and to provide such lists to the Court, no later than April 3, 2023.

**FOR THE UNITED STATES:**

MATTHEW M. GRAVES
United States Attorney
District of Columbia Bar No. 481052

*/s/ Eric Boylan*
ERIC W. BOYLAN
Assistant United States Attorney
Texas Bar No. 24105519
601 D Street N.W.
Washington, DC  20002
Tel: (202) 815-8608
Email: eric.boylan@usdoj.gov

*/s/ Craig Estes*
CRAIG ESTES
Assistant United States Attorney
Massachusetts Bar No. 670370
United States Attorney's Office for the District of Massachusetts (detailee)
craig.estes@usdoj.gov
(617) 748-3100

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 15, 2023, I served a copy of this pleading on all parties to this matter as indicated in the Court's electronic case files system.

/s/ *Eric Boylan*
ERIC BOYLAN
Assistant United States Attorney